David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969
Tel: 631.287.5520
Fax: 631.283.4735
Email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, New York 10075
Tel: 323.790.4881
Email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON RUBENSTEIN, <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENT BANK GROUP INC., <br><br> Nominal Defendant, <br><br> and <br><br> SCW CAPITAL LP, <br><br> Defendant. | No.  18-cv-6419 <br> (ECF Case) <br><br> **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)** <br><br> **JURY TRIAL DEMANDED** |

**AARON RUBENSTEIN**, by David Lopez, Esq. and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 3, which Plaintiff alleges on personal knowledge:

1

## JURISDICTION AND VENUE

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

2. Venue is correct in this District. At all times relevant, the common stock of Nominal Defendant INDEPENDENT BANK GROUP ("IBG" or the "Company") was and is traded over-the-counter on the NASDAQ, a national securities exchange headquartered in the District, and through market-makers located within the District. Defendant SCW CAPITAL ("SCW") is a self-described "hedge fund," which is primarily involved in the business of trading securities, including IBG securities, on exchanges or through market-makers within the District. Some or all of the transactions giving rise to liability as described herein occurred or were executed within the District.

## THE PARTIES

3. Plaintiff is a Rhode Island resident and a security owner of IBG.

4. Nominal Defendant IBG is a Texas corporation and registered Bank Holding Company (pursuant to the BHC Act, 12 U.S.C. § 1841 *et. seq.*) with principal offices at 1600 Redbud Boulevard Suite 400, McKinney, Texas 75069. IBG operates through wholly-owned subsidiaries, including its banking subsidiary Independent Bank, to provide banking, lending, wealth management, and other financial services to business and individuals. This action is brought in the right and for the benefit of IBG, which is named as a party defendant solely in order to have all necessary parties before the Court.

5. Defendant SCW is a Texas limited partnership and hedge fund, with principal offices at 3131 Turtle Creek Boulevard, Dallas, Texas 75219. The general partner of SCW is

Trinity Investment Group, and the individual managers and members of Trinity are Robert Cathey, Stacy Smith, and John Wagner. SCW, Trinity, and the individual managers of Trinity are collectively the "beneficial owners" of the securities, including the IBG securities, held by SCW, as defined under Section 13(d) of the Act and for purposes of determining insider status under Section 16(b) of the Act, with shared authority to make voting and investment decisions on behalf of SCW (and, indirectly, on behalf of SCW's affiliated entities, investment vehicles, or underlying investors). At all relevant times, Mr. Smith has also been a director of IBG, and has participated in managing SCW's IBG investment in IBG as a Section 16 insider of IBG.

## STATUTORY REQUISITES

6. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

7. At all relevant times, common stock issued by IBG (trading under stock symbol or "ticker": IBTX) was registered under Section 12(g) of the Act, 15 U.S.C. § 78*l*. The provisions of the Securities Exchange Act are further applicable to IBG pursuant to 17 C.F.R. § 210.9 *et. seq*.

8. At all relevant times, SCW was attributed with Mr. Smith's Section 16 insider status as a director "by deputization," given Mr. Smith's presumptive access to non-public information as a director of IBG, and his participation in managing SCW's investment in IBG securities. Mr. Smith's fiduciary obligations as a director of the Company prohibited Mr. Smith from exploiting his position at IBG for the benefit of SCW (and/or SCW's underlying investors), and required Mr. Smith to comply with short swing trading restrictions when directing (or participating in directing) IBG securities transactions on behalf of SCW.

9.     Demand for prosecution was made by Plaintiff on IBG on November 28, 2016. By letter dated January 12, 2017, IBG's counsel at the firm Andrews Kurth informed Plaintiff's counsel that the Company refused to seek recovery of profits from SCW in excess of $17,652, which is equivalent to approximately 16% of the total short swing profits realized from SCW's short swing trading (as further alleged in Count I), and purportedly represents Mr. Smith's proportional underlying "pecuniary interest" in the profits derived from SCW's IBG securities transactions. In their letter on behalf of the Company and in subsequent conversations with Plaintiff's counsel, IBG's counsel reiterated that the Company accepted SCW's contention that SCW was not a director by "deputization" (notwithstanding IBG's knowledge that Mr. Smith participated in managing SCW's investment in IBG while serving as a director of IBG), and rejected Plaintiff's demand that the Company seek recovery of the remaining profits owed to the Company directly from SCW, as an attributed statutory "insider" individually subject to Section 16 reporting and short swing trading restrictions (as alleged herein). Further delay in filing suit would be futile and could prejudice the Company's right to recover.

10.    This action is brought within two years of the occurrence of the violations to be described herein, or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of, were first filed with the Securities & Exchange Commission (SEC).

## FACTUAL BACKGROUND

11.    Mr. Smith was elected to the board of IBG in or around February 2013. At the time of his election and appointment to the IBG board, Mr. Smith was described in IBG's proxy materials as the co-founder and an active partner of Trinity Investment Group, LLC. At around the same time (i.e., during the first quarter of 2013), SCW was founded as a pooled investment

4

fund or "hedge fund," under the direction and control of the individual Trinity managers, including Mr. Smith (through Trinity, which serves as the general partner of SCW).

12. Mr. Smith directed the execution (or participated in directing the execution) of the following purchases and sales of shares of IBG stock on behalf of SCW, while serving both as a director of IBG and a principal of SCW:

| Date | SCW Purchase/Sale | No. of Shares | Price/Share |
|---|---|---|---|
| June 24, 2016 | Purchase | 7,900 | $39.57 |
| June 27, 2016 | Purchase | 7,286 | $38.15 |
| Nov. 23, 2016 | Sale | 5,000 | $59.70 |
| Feb. 13, 2017 | Sale | 10,000 | $65.43 |

13. The purchases and sales described in the above Paragraph 7 may be matched, using the "lowest in, highest out" method, to calculate a total of approximately $107,750 in short swing profits, which must be disgorged to the Company by SCW.

14. Mr. Smith and each of the other managers and shared "beneficial owners" of SCW (including the underlying SCW investors delegating trading and/or voting authority to SCW and SCW's individual managers) may also be held independently liable under Section 16(b) for profits realized by SCW—each to the extent of their respective proportional "pecuniary interests" (calculated pursuant to applicable SEC Rules) in the securities purchased and sold by SCW. Mr. Smith, the other managers of SCW, and the underlying shared beneficial owners of IBG securities held by SCW, each have an independent obligation to compel the disgorgement of their individual short swing profits to the Company, without duplicating SCW's disgorgement of profits directly realized from the same purchases and sales. Duplicative disgorgement for the same short swing trading violations is avoided by applying the amount of any partial disgorgement (e.g., by Mr. Smith) to reduce the total outstanding profits owed and remaining to

be disgorged by SCW (on behalf of all underlying SCW managers and investors with shared "beneficial ownership" of securities held by SCW).

15. As described above in Paragraph 4, above, counsel for the Company responded to Plaintiff's Section 16 demand letter by referencing Mr. Smith's individual disgorgement of $17,652, which purportedly represents Mr. Smith's proportional (approximately 16%) ownership of the IBG securities traded by SCW, and which the Company incorrectly accepted as sufficiently representing the entirety of the disgorgement owed by SCW. Nonetheless, as alleged herein, SCW was itself individually subject to Section 16 as a director by "deputization," given Mr. Smith's dual role as a director of IBG and a principal and manager of SCW, with an active role in managing SCW's investment in IBG and directing SCW's short swing trading in IBG securities. As SCW is attributed with Mr. Smith's status as an insider of IBG and treated as an independent Section 16 insider of the Company, SCW remains liable for 100% of the total short swing profits realized directly from the purchases and sales of IBG securities ($107,750), less the amount of Mr. Smith's proportional disgorgement ($17,652), or total short swing profits of $90,098.

## CLAIM FOR RELIEF

### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

16. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-10, above.

17. SCW had a direct pecuniary interest in the IBG stock purchased and sold in the short swing transactions described in this Complaint, from which SCW realized and retained profits in the amount of $90,098, which must be returned to the Company.

## DEMAND FOR JURY TRIAL

18. Plaintiff hereby demands a trial by jury as to all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring SCW to account for and to pay over to IBG the short swing profits realized and retained in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff his costs and disbursements, including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 16, 2018

                                            Respectfully submitted,

                                            *s/ Miriam Tauber*

                                            _____
                                            Miriam Tauber (MT-1979)
                                            MIRIAM TAUBER LAW PLLC

                                            David Lopez (DL-6779)
                                            LAW OFFICES OF DAVID LOPEZ

                                            ***Attorneys for Plaintiff Aaron Rubenstein***